Rachel M. Dollar, CSB 199977
Sherrill A. Oates, CSB 213763
soates@smithdollar.com
SMITH DOLLAR PC
Attorneys at Law
404 Mendocino Avenue, Second Floor
Santa Rosa, CA  95401
Telephone:     (707) 522-1100
Facsimile:      (707) 522-1101

Attorneys for Defendants
Wells Fargo Bank, N.A., as Trustee for ABFC 2004-OPT5 Trust, ABFC Asset-Backed Certificates, Series 2004-OPTS; Homeward Residential, Inc., f/k/a American Home Mortgage Servicing, Inc.; and Power Default Services, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| LISA A. CHURCH,<br><br>     Plaintiff,<br>v.<br><br>Wells Fargo Bank, N.A., as Trustee for ABFC 2004-OPT5 Trust, ABFC Asset-Backed Certificates, Series 2004-OPTS; Homeward Residential, Inc., f/k/a American Home Mortgage Servicing, Inc. (Mortgage Servicer); Power Default Services, Inc. (Trustee); All Persons Unknown, Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or any Cloud on Plaintiff's Title, and Does 1-20, inclusive,<br><br>     Defendants. | CASE NO.: 13-cv-00166-NJV<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[REQUEST FOR JUDICIAL NOTICE AND (PROPOSED) ORDER FILED CONCURRENTLY HEREWITH]**<br><br>Date:    February 26, 2013<br>Time:   1:00 p.m.<br>Dept:    205A<br><br>Complaint Filed:    December 18, 2012 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 26, 2013 at 1:00 p.m. or as soon thereafter as the matter may be heard before the Honorable Nandor J. Vadas. in Courtroom 205A, located at 514 "H" Street, Eureka, California, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Wells Fargo Bank, N.A., as Trustee for ABFC 2004-OPT5 Trust, ABFC Asset-Backed Certificates, Series 2004-OPTS; Homeward Residential, Inc., f/k/a American Home Mortgage

1  Servicing, Inc.; and Power Default Services, Inc. ("Defendants") will move the Court for an order
2  dismissing Plaintiff Lisa A. Church's Complaint (the "Complaint") on the grounds that the
3  Complaint fails to state any claim upon which relief can be granted.
4      This Motion is based on this Notice of Motion and Memorandum of Points and Authorities;
5  the accompanying Request for Judicial Notice; all pleadings and papers on file in this action; and
6  such other and further matters as the Court may consider.

Dated: January 18, 2013

SMITH DOLLAR PC

/s/ Sherrill A. Oates

By _____
Sherrill A. Oates
Attorneys for Defendants Wells Fargo Bank, N.A.,
as Trustee for ABFC 2004-OPT5 Trust, ABFC
Asset-Backed Certificates, Series 2004-OPTS;
Homeward Residential, Inc., f/k/a American Home
Mortgage Servicing, Inc.; and Power Default
Services, Inc.

# Table of Contents

I.  INTRODUCTION AND RELEVANT FACTS ............................................................... 1
II. LEGAL ARGUMENT ................................................................................................... 3
   A.  LEGAL STANDARD ......................................................................................... 3
   C.  THE COMPLAINT FAILS GLOBALLY. ......................................................... 4
   D.  EACH CAUSE OF ACTION FAILS .................................................................. 4
       1.  DEFENDANTS HAVE STANDING TO FORECLOSE. ........................ 4
       2.  THERE WAS NO BREACH OF CONTRACT NOR BAD FAITH. ...................................................................................................... 6
       3.  NO CIVIL CODE §§ 2923.6, 2923.5, PERRATA ACT OR 2924 VIOLATIONS OCCURRED. ........................................................... 7
       4.  THERE WAS NO HUD VIOLATION (SIXTH AND TENTH CAUSES OF ACTION). ......................................................................... 8
       5.  THERE WAS NO NEGLIGENCE. .......................................................... 9
       6.  THERE IS NO CLAIM FOR PROMISSORY OR QUASI-ESTOPPEL. ............................................................................................... 9
       7.  UNCLEAN HANDS IS A DEFENSE – NOT AN AFFIRMATIVE CAUSE OF ACTION. ................................................ 10
       8.  THERE WAS NO VIOLATION OF BUS. & PROF. § 17200. .............. 11
       9.  PLAINTIFF IS NOT ENTITLED TO DECLARATORY OR INJUNCTIVE RELIEF. ........................................................................ 11
III. CONCLUSION ............................................................................................................ 12



# Table of Authorities

## CASES

*Aceves v. U.S. Bank N.A.*, 192 Cal. App. 4th 218 (Cal. App. 2d Dist. 2011).............................10

*Advanced Choices, Inc. v. State Dept. of Health Services*, 182 Cal.App.4th 1661 (2010))..........................................................................................................................................10

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ...........................................................................................3

*Balisteri v Pacifica Police Dept.,* 901 F.2d 696 (9th Cir. 1990) ....................................................3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................................3

*Biller v. Toyota Motor Corp.*, 668 F.3d 655 (9th Cir. Cal. 2012) .................................................11

*Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App. 4th 118 (2011)........................................................5

*Gardner v. Am. Home Mortg. Servicing*, 691 F. Supp. 2d 1192 (E.D. Cal. 2010) .......................3

*Hoffman v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 70455 (N.D. Cal. June 30, 2010)..............................................................................................................................................6

*Holbrook v. Aurora Loan Servs. LLC*, 2010 U.S. Dist. LEXIS 25174, *15-16 (C.D. Cal. Mar. 15, 2010) ............................................................................................................................8

*Inman v. Suntrust Mortg., Inc.*, 2010 U.S. Dist. LEXIS 91804, *7  (E.D. Cal. Sept. 3, 2010)..............................................................................................................................................8

*Kirk v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 3610, * 8 (N.D. Cal. Jan. 9, 2013)..............................................................................................................................................7

*Knapp v. Doherty*, 123 Cal. App. 4th 76 (2004) ..............................................................................8

*Lotenero v. Everett Fin., Inc.*, 2011 U.S. Dist. LEXIS 64619 (E.D. Cal. June 16, 2011)..............................................................................................................................................7

*McCloskey v. Land Home Fin. Servs.*, 2012 U.S. Dist. LEXIS 117449, *3 (N.D. Cal. Aug. 20, 2012) ..........................................................................................................................12

*Merrill v. Navegar, Inc.*, 26 Cal. 4th 465 (2001) ..............................................................................9

*Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089 (1991).............................9

*Oaks Mgmt. Corp. v. Super. Ct.*, 145 Cal. App. 4th 453 (2006) ....................................................9

*Spreewell v. Golden State Warriors,* 266 F.3d 979 (9th Cir. 2001).............................................3

*Tall v. Mortgage Elec. Registration Sys.*, 2012 U.S. Dist. LEXIS 162910, * 9  (N.D. Cal. Nov. 13, 2012) ........................................................................................................................7, 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................................4

*United Guaranty Mortgage Indemnity Co. v. Countrywide Fin. Corp.*, 660 F.Supp.2d 1163 (C.D. Cal. 2009)..........................................................................................3

*Western Mining Council v. Watt,* 643 F.2d 618 (9th Cir. 1981) ...................................................3

## STATUTES

12 U.S.C. § 1701x(c)(5) ...........................................................................................................................8

24 C.F.R. § 203.604 ..................................................................................................................................8

24 C.F.R. § 203.605 ..................................................................................................................................8



Civil Code § 2923.5 .................................................................................................................7, 8
Civil Code § 2923.6 .................................................................................................................7, 8
Civil Code § 2924 ..................................................................................................................8, 11
Fed. R. Evid. 201(b) ....................................................................................................................3
Fed. R. Civ. Proc. 12(b)(6) ..........................................................................................................3



## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND RELEVANT FACTS

Lisa Church ("Plaintiff") is the owner of the property located at 230 Olson Road, Shelter Cove, California (the "Property").  Complaint ¶ 1. Plaintiff has erroneously sued and served Wells Fargo Bank, N.A. ("Wells") in its individual capacity as a national bank, despite the fact that Wells' true function in this case was as the trustee for a pool of securitized loans known as the ABFC 2004-OPT5 Trust, AGFC Asset-Backed Certificates, Series 2004 OPT5 (the "Trust").  Complaint caption; ¶ 2.  As to Defendants Homeward Residential, Inc ("Homeward") and Power Default Services, Inc. ("Power"), all Plaintiff pleads is that they are Delaware corporations. Complaint ¶ ¶3, 4. All defendants together may be referred to as "Defendants" from time-to-time in this brief.

In June 2004, Plaintiff admits she executed loan documents and received a loan secured by Plaintiff's Property.  Complaint ¶ 13.  Plaintiff admits that at some point since 2004, she fell behind in her payments on the Loan.  Complaint ¶ 23. Plaintiff claims that she suffered personal [loss of spouse] and economic [loss of job] problems in February 2012 and she struggled to make her payments each month.  Complaint ¶ 25. Plaintiff pleads that she contacted Homeward for help. Complaint ¶ 26.  Homeward then sent her a financial package to complete, and that it made requests for various documents that Plaintiff felt were "redundant." Complaint ¶ 26.  Plaintiff pleads that she received a Notice of Default ("NOD") in August 2012, and she admits that she had contact with the Loan's beneficiary or its loan servicer, Homeward regarding a loan modification, but that no other pre-foreclosure alternatives were discussed. Complaint ¶¶ 27, 28.  Plaintiff claims her payments were not being properly credited, and Plaintiff sent what she claims was a Qualified Written Request ("QWR") pursuant to the Real Estate Settlement Procedures Act ("RESPA") but Homeward has not responded in a way that Plaintiff believes would be in compliance with the statute. Complaint ¶ 32.

On or about August 14, 2012, a Substitution of trustee ("SOT") was recorded, substituting Power in as Trustee under the Deed of Trust.  Request for Judicial Notice Ex.1.

The "General Allegations" of the Complaint claim an assortment of alleged wrongdoing as follows:

1     (a)    a "securitization scheme" [¶10];

2     (b)    Plaintiff seeks an injunction requiring the owner of the loan to reconvey it to Plaintiff (or alternatively, to quiet title to the Property in her alone) [¶ 11];

(c)    the parties foreclosing on Plaintiff's Property lack standing to do so [¶¶ 12, 46, 47, 49];

(d)    no one explained the terms of her loan to her and she was not allowed to review the loan documents prior to executing them, thus Plaintiff alleges that the loan was procedurally and substantively unconscionable [¶¶ 14, 15, 16, 17, 18, 19, 21];

(e)    after Plaintiff became delinquent, no one met "face-to-face" with her regarding the delinquency on the loan [¶ 23];

(f)    Plaintiff claims that the Trust is not the true beneficiary because the assignment to the Trust was somehow improper and the Trust was "closed out" in 2004 [¶¶ 33, 34];

(g)    Plaintiff alleges that the power of sale contained in the Deed of Trust failed because it was not recorded pursuant to a statute that does not apply to Deeds of Trust (Civil Code § 2932.5), and the trustee is not authorized to act for the beneficiary because there was no written substitution of trustee ("SOT") as required by the Statute of Frauds (Civil Code § 1624) [¶¶ 38, 45];

(h)    The Rosenthal Fair Debt Collection Act was violated [¶¶ 39-44]; and

(i)    the beneficiary of the Deed of Trust was not disclosed to Plaintiff [¶ 48].

The Complaint in this matter alleges 16 separate claims for relief as follows: (1) improper loan and no effective endorsement; (2) California Civil Code Violations; (3) breach of the implied covenant of good faith and fair dealing, unfair and unacceptable loan servicing; (4) Civil Code violation 2923.6; (5) Perrata Act Violations; (6) HUD violations; (7) breach of contract; (8) negligence; (9) breach of Civil Code §§ 2923, 2924; (10) failure to [*sic*] conditions precedent; (11) promissory estoppel; (12) quasi-estoppel; (13) unclean hands; (14) violation of 17200; (15) declaratory relief; (16) emergency temporary/permanent injunctive relief.  Defendants will show herein that none of Plaintiff's claims has any merit and this case should be dismissed with prejudice.

## II. LEGAL ARGUMENT

**A.     Legal Standard**

Dismissal is appropriate under Fed. Rule Civ. P. 12(b)(6) where the Complaint fails to state either a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balisteri v Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990). "A motion to dismiss tests whether the allegations in a complaint, if true, amount to an actionable claim." *United Guaranty Mortgage Indemnity Co. v. Countrywide Fin. Corp.*, 660 F.Supp.2d 1163, 1170 (C.D. Cal. Oct. 5, 2009). In reviewing a complaint, the Court need not accept as true unwarranted deductions, unreasonable inferences, conclusory allegations or legal characterizations. *Spreewell v. Golden State Warriors,* 266 F.3d 979, 980 (9th Cir. 2001); *see also Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981). The Complaint must set forth sufficient factual allegations to raise the right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff must do more than simply file "an unadorned 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Merely reciting the elements of a cause of action is also not enough. *Id*.

**B.     Request for Judicial Notice**

The Court may take judicial notice of matters of public record if the documents are "either 'generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Deutsche has requested that this Court take judicial notice of the various recorded documents concerning the Property, as well as the relevant portions of the disputed PSA alleged in the Complaint at ¶ 31. "The documents submitted by Defendants are publically recorded [and publically available] documents of which judicial notice may properly be taken, and accordingly, those documents may be considered in deciding Defendants' dismissal motion." *Gardner v. Am. Home Mortg. Servicing*, 691 F. Supp. 2d 1192, 1196 (E.D. Cal. 2010). Likewise, Defendants' request for judicial notice is appropriate in this case because all of the documents in its request for judicial notice are recorded documents.

C. **The Complaint Fails Globally.**

The entire Complaint consists of Plaintiff's speculation about the securitization process and what becomes of defaulted loans that had previously been securitized, long-rejected claims concerning standing to foreclose, and "show me the note" allegations, but no facts whatsoever in support of any of Plaintiff's claims. The entire Complaint fails to meet the pleading requirements of *Twombly, supra*, that the factual basis of the claims alleged must be set forth upon sufficient facts to raise the claim for relief above the speculative level. *Twombly, supra*, 550 U.S. 544, 555. Defendants submit that nothing in the Complaint nudges Plaintiff's claims from possible to plausible, and therefore, Defendants' Motion to Dismiss the Complaint should be granted in full.

D. **Each Cause of Action Fails.**

  1. **Defendants Have Standing to Foreclose.**

Plaintiff's first and second causes of action claim that none of the Defendants, nor apparently, anyone else, has authority to foreclose upon Plaintiff's admittedly-defaulted loan because no one has the proper standing to foreclose for a variety of reasons. The first cause of action pleads acts concerning the origination of the loan in June 2004.

Plaintiff admits that she incurred a debt when she received her Loan. Complaint ¶ 54. She claims that the terms of the Loan were never explained, and fees were not explained. Complaint ¶¶ 57, 58. Plaintiff also claims that her ability to repay the loan was never assessed. Complaint ¶¶ 59. Plaintiff claims that she was rushed when signing the documents and that she did not understand what she was signing. Complaint ¶¶ 60, 61. All of these things occurred before or during the execution of the loan documents in June 2004, for a loan received by Plaintiff from Option One Mortgage Company—an entity that Plaintiff has not even named in this action. All of these alleged incidents of wrong-doing have, according to the Complaint, resulted in no party being the "holder in due course due to Fraud in the Factum and ineffective endorsement." Complaint ¶ 62.

The statute of limitations bars all of Plaintiff's claims concerning alleged wrongdoing that occurred at the Loan's origination. All of Plaintiff's claims sound in fraud. Therefore, the statute of limitation that should apply to Plaintiff's origination-related claims is three years. Code Civ. Proc. § 338. Since "Lack of Standing" is not a cause of action addressed by any of the codified



1  statutes of limitation, even applying the catch-all four-year statute of limitation to Plaintiff's claims
2  will hot help her, as the "Lack of Standing" cause of action expired in June of 2008.  Plaintiff
3  received her loan in 2004 and pleads that she had no problems making her payments until February
4  2012, almost eight years later, and after Plaintiff lost her job and her spouse. Complaint ¶ 25.  Thus,
5  the first cause of action for "Lack of Standing" is barred by the statute of limitation.  In addition,
6  these Defendants cannot be held liable for the actions of another un-named party based upon the
7  allegations of the Complaint.

8  The second cause of action titled "Defendants Lack Standing" is based in part upon Civil
9  Code § 2932.5 ("§ 2932.5"), a statute that requires assignments of *mortgages*, but not deeds of trust,
10 to be recorded.  Complaint ¶ 67.  Plaintiff acknowledges that §2932.5 governs assignments of
11 mortgages, but she fails to acknowledge that a mortgage and a deed of trust are not interchangeable.
12 For more than a hundred years, California has recognized a distinction between the need to record
13 an assignment of a *mortgage* and a *deed of trust*.  Only an assignment of a mortgage needs to be
14 recorded before the power of sale is exercised.  *Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App. 4th
15 118, 130 Cal. Rptr. 3d 815, 819 (2011), rev. denied (Cal. S. Ct. Jan. 4, 2012).  Plaintiff cannot state
16 any claim based upon a non-recorded assignment of her Deed of Trust.  Moreover, here, Plaintiff's
17 Assignment of her Deed of Trust was recorded, thus all of Plaintiff's claims to the contrary must be
18 disregarded as they are contradicted by an exhibit to the Complaint.  *See* Complaint Ex. C (p. 47).

19 Plaintiff also seems to advance a claim regarding an alleged separation of the Note from the
20 Deed of Trust.  Complaint ¶¶ 69-79; 82.  Plaintiff has attached a copy of the recorded assignment of
21 Plaintiff's Deed of Trust to her Complaint as Exhibit C.  Plaintiff has misread the recorded
22 document.  It states that Sand Canyon, formerly known as Option One Mortgage Corporation,
23 assigned its interest in the Deed of Trust, "together with the Promissory Note secured by said Deed
24 of Trust . . .." to Wells Fargo Bank, N.A., as Trustee for ABFC 2004-OPT5 Trust, ABFC Asset-
25 Backed Certificates, Series 2004-OPT5.  Complaint Ex. C (p. 47).  Plaintiff has not factually
26 supported her claim that no party, including Wells as Trustee for the Trust, has the authority to
27 foreclose on her.

28 Defendants' Motion to Dismiss Plaintiffs first and second causes of action based upon an

1  alleged lack of standing should be granted, and since Plaintiff can never overcome the pleading
2  deficiencies with these two claims, leave to amend should be denied.

### 2. There was no Breach of Contract nor Bad Faith.

The third and seventh causes of action allege breach of the implied duty of good faith and fair dealing and breach of contract, respectively. Throughout the Complaint, Plaintiff alleges that there is no party that can claim status as the beneficiary of her Deed of Trust, but in her third cause of action, Plaintiff contradicts herself and claims that the foreclosing defendants should have dealt differently with her when she became delinquent on her loan, perhaps by offering her a modification under the Home Affordable Modification Program ("HAMP"). Complaint ¶ 89. In this cause of action, Plaintiff seems to recognize Wells' (as Trustee for the Trust) status as the Loan's beneficiary, and thus its authority to possibly modify her loan. *See* Complaint ¶¶ 92, 94.

Plaintiff alleges a litany of supposed failings by Wells (as Trustee), but not a single fact that supports Plaintiff's legal conclusions. *See* Complaint ¶ 94 a-l. Plaintiff also complains that Wells failed to adhere to its own servicing guidelines. *See* Complaint ¶¶ 95-99. Plaintiff appears to claim that she should be considered a beneficiary of Wells' servicing guidelines. *See* Complaint ¶97.

> Merely stating that guidelines exist, and that Wells [ ] did not follow those guidelines, is not sufficient to 'show that [Plaintiff] is entitled to relief.' Fed. R. Civ. P. 8(a)(2). Therefore, the complaint fails to state a claim on this theory.'

*Kariguddaiah v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 65561 (N.D. Cal. July 1, 2010).

The seventh claim is for breach of contract, and the contract Plaintiff claims was breached is the Servicer Participation Agreement (the "SPA") that Wells entered with the United States government to participate in the Making Homes Affordable program. Complaint ¶ 118. The entirety of this cause of action is dedicated to Plaintiff's theories regarding her status as a third-party beneficiary under the SPA. Claims arising under the SPA have been nearly universally rejected. "[A] borrower is not a third party beneficiary [under the SPA]." *Hoffman v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 70455 (N.D. Cal. June 30, 2010) (collecting cases).

Plaintiff's claims for bad faith and breach of contract are based upon rejected legal theories and Plaintiff has pled no factual support for either claim. Therefore, Defendants' Motion to Dismiss these claims should be granted.



274650      - 6 -
**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; POINTS AND AUTHORITIES**
CASE NO.: 13-cv-00166-NJV

### 3. No Civil Code §§ 2923.6, 2923.5, Perrata Act or 2924 Violations Occurred.

The fourth, fifth and ninth causes of action allege various violations of the California foreclosure statutes. The fourth cause of action is pled under Civil Code § 2923.6 ("§ 2923.6"). At the time of the acts alleged in the Complaint (2012), § 2923.6 did not provide a private right of action. *Kirk v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 3610, * 8 (N.D. Cal. Jan. 9, 2013). The statute has been amended, and the amendments took effect on January 1, 2013, but those amendments were not retroactive and do not reach past conduct because the amendments were substantive and the Legislature did not state that they were to be retroactive. *See Lotenero v. Everett Fin., Inc.*, 2011 U.S. Dist. LEXIS 64619 (E.D. Cal. June 16, 2011) (discussing whether or not later amendments to law existing at the time of acts complained of were retroactive and finding they were not). Plaintiff had no private right of action under § 2923.6.

Plaintiff's fifth cause of action is for "Violation of the Perrata Act." Plaintiff claims that Wells and Homeward failed to fully explore foreclosure alternatives with Plaintiff [¶ 108]; violated § 2923.5 because they did not inform Plaintiff of options to avoid foreclosure [¶ 109.a.]; and did not file an accurate declaration with the recorder's office [¶ 109.b.]. Thus, Plaintiff alleges she has been damaged. Complaint ¶ 110. Plaintiff has alleged no facts at all in support of her claim that the Peratta Act was violated, and in reality, what she has alleged shows that Defendants complied with the Act. For example, Plaintiff acknowledges that she was having trouble with her payments and that she and Homeward engaged in a period of back-and-forth regarding a possible loan modification. *See* Complaint ¶¶ 25, 26. In fact, Plaintiff pleads that she had been in contact with Homeward for over six months regarding a loan modification. Complaint ¶ 29. Nothing in the Perrata Act requires any Defendant to modify Plaintiff's loan. "Plaintiff [is] not entitled to any particular outcome, and defendants are not required to provide a loan modification or other relief. Again, the only relief available is in the form of postponement of a foreclosure sale." *Tall v. Mortgage Elec. Registration Sys.*, 2012 U.S. Dist. LEXIS 162910, * 9 (N.D. Cal. Nov. 13, 2012).

Plaintiff's ninth cause of action claims that Civil Code § 2923 and § 2924 were violated. Here, Plaintiff admits that Power is the proper foreclosing trustee. Complaint ¶ 133. Plaintiff also

1  claims that she never received service of the Notice of Sale ("NOS"). Complaint ¶ 134. Elsewhere
2  in the Complaint, however, Plaintiff acknowledges that she received a copy of the NOS. Complaint
3  ¶ 29. Clearly, whether or not the NOS was properly served was not prejudicial to Plaintiff, as she
4  was able to go into State Court and receive a Temporary Restraining Order, halting the pending
5  foreclosure sale. *See* ECF No.1; *Knapp v. Doherty*, 123 Cal. App. 4th 76, 94 (2004) (premature
6  NOS in violation of statute did not invalidate sale because borrower suffered no prejudice).

7  Here again, Plaintiff cites to §2923.6 to support her claim that the foreclosure statutes were
8  violated, but § 2923.6 does not require a lender to modify a borrower's loan. *Tall*, 2012 U.S. Dist.
9  LEXIS 162910, * 9 (Complaint ¶ 137).. Plaintiff has pled no facts in support of her claim that the
10 Perrata Act, § 2923.5, § 2923.6, or § 2924 was violated, and Defendants' Motion to Dismiss those
11 claims should be granted.

12    **4.    There was no HUD Violation (Sixth and Tenth Causes of Action).**

13 Plaintiff's sixth cause of action claims that the Housing and Urban Development ("HUD")
14 regulations were violated. The tenth cause of action also makes similar allegations regarding the
15 National Housing Act ("NHA") and claims that a default could not have occurred because of the
16 failure of a condition precedent. The statute cited by Plaintiff as support for this claim, 12 U.S.C. §
17 1701x(c)(5), is related to loan servicing requirements under the NHA. First, Plaintiff has failed to
18 plead that hers was a loan subject to the NHA. Second, even if it is, there is no private right of
19 action under the NHA. *Holbrook v. Aurora Loan Servs. LLC*, 2010 U.S. Dist. LEXIS 25174, *15-
20 16 (C.D. Cal. Mar. 15, 2010) (collecting cases finding no private right of action under the NHA).

21 Similarly, the tenth cause of action claims that the NHA was violated, and thus, foreclosure
22 is improper. Complaint ¶ 143. Plaintiff cites several regulations under the NHA: 24 C.F.R. §§
23 203.602, 203.604, 204.604(b), 203.501, 203(c) and 203, and flatly proclaims that Defendants failed
24 to comply with these sections. Complaint ¶ 144. Even if that is true, however, "[n]either the
25 National Housing Act nor its implementing regulations (including 24 C.F.R. §§ 203.604, and
26 203.605) provide for a private right of action." *Inman v. Suntrust Mortg., Inc.*, 2010 U.S. Dist.
27 LEXIS 91804, *7 (E.D. Cal. Sept. 3, 2010) (collecting cases).

28 Plaintiff has not stated a claim for any HUD or NHA violation, thus Defendants' Motion to

Dismiss should be granted, and because these claims can never be successfully pled, leave to amend should be denied.

### 5. There was no Negligence.

Plaintiff's eighth cause of action is for negligence. Plaintiff claims here that Wells was her loan servicer, despite the fact that elsewhere in the Complaint, she pleads that Homeward was her loan servicer. *See* Complaint ¶ 127; ¶ 31. Plaintiff claims that Wells sent out documents to Plaintiff regarding a loan modification, but a loan modification was never finalized. "To prevail on [a] negligence claim, plaintiffs must show that [defendants] owed them a legal duty, that [defendants] breached the duty, and that the breach was a proximate or legal cause of their injuries." *Merrill v. Navegar, Inc*., 26 Cal. 4th 465, 477 (2001). It is well-established under California law that a financial institution owes no duty to borrowers when the institution's involvement in the loan transaction does not exceed the scope of its role as a lender of money. *See Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991); *see also Oaks Mgmt. Corp. v. Super. Ct*., 145 Cal. App. 4th 453, 466 (2006) ("a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender.")

The Complaint fails to set forth Defendants' duty to Plaintiff. Plaintiff pleads that Wells generally failed to consider Plaintiff for a loan modification. Complaint ¶ 128. Moreover, Plaintiff pleads that statements made by Wells to Plaintiff were false – a factually unsupported fraud claim. *See* Complaint ¶ 128. Defendants sent an application for a loan modification to Plaintiff, and asked for additional information that Plaintiff deemed duplicative. *See* Complaint ¶ 26. Nowhere has Plaintiff set forth any Defendants' duty to her, nor has she pled how that duty was breached or how she was damaged as a result. Thus, the negligence claim must fail and Defendants' Motion to Dismiss it should be granted.

### 6. There is no Claim for Promissory or Quasi- Estoppel.

Plaintiff's eleventh cause of action is for promissory estoppel and the twelfth claim is for quasi-estoppel. The promissory estoppel claim is based again upon Homeward's offer to consider Plaintiff for a modification under HAMP. Complaint ¶ 147. The elements of a promissory estoppel claim are ""(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the

1 promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party
2 asserting the estoppel must be injured by his reliance.'" *Aceves v. U.S. Bank N.A.*, 192 Cal. App.
3 4th 218, 225 (Cal. App. 2d Dist. 2011) (quoting *Advanced Choices, Inc. v. State Dept. of Health
4 Services*, 182 Cal.App.4th 1661, 1672 (2010)).

5     Successful promissory estoppel claims based upon the offer of a loan modification require a
6 plaintiff to change her position in reliance upon the promise to modify the loan. For example, in
7 *Aceves*, the lender promised the borrower that it would work with her to modify her loan if she
8 would not convert her pending Chapter 7 Bankruptcy to a Chapter 13, and not oppose the lender's
9 motion for relief from the automatic stay. *Aceves*, 192 Cal.App.4th 227. When the lender foreclosed
10 on the borrower instead of modifying her loan, the court applied the tenets of promissory estoppel
11 and found the lender might be liable for contract damages under plaintiff's promissory estoppel
12 theory. *Id*. at 231. In this case, Plaintiff never changed her position in reliance on any promise by
13 any Defendant. As a result, the promissory estoppel claim must fail.

14     Plaintiff's twelfth cause of action is for quasi-estoppel, and pleads that the theory is also
15 known as "estoppel by conduct." Complaint ¶ 151. In support of her claim, Plaintiff resorts again
16 to the meritless theories that Defendants could be guilty under HAMP, the NSA or Wells' servicing
17 guidelines. *Id.* Plaintiff has not pled that Defendants have taken any inconsistent position, however.
18 In fact, Plaintiff pleads that Defendants' position has been extremely consistent—starting a non-
19 judicial foreclosure, talking with Plaintiff for over six months concerning a possible loan
20 modification, but continuing to give the foreclosure notices and heading toward the Trustee's Sale
21 of the Property. Defendants' conduct has been exactly consistent throughout the process and
22 Plaintiff has failed to state a claim.

23     Neither Plaintiff's promissory estoppel nor her quasi-estoppel claim has stated any claim for
24 relief against these Defendants and their Motion to Dismiss these claims should be granted.

25     **7.**     <u>**Unclean Hands is a Defense – not an Affirmative Cause of Action.**</u>

26     Plaintiff's thirteenth cause of action is for unclean hands and claims that due to all of the
27 alleged wrongdoing pled in the Complaint, none of the Defendants deserves the right to "the
28 equitable relief of foreclosure. . . ." Complaint ¶ 155. Defendants are seeking the statutory relief

1 provided by the non-judicial foreclosure statutes, however. Civil Code § 2924 *et seq.* It appears
2 that Plaintiff believes she is answering or defending a foreclosure suit by appealing to this Court to
3 stop her foreclosure. Plaintiff appears to believe that this Court can refuse to accelerate the Note
4 and deny Defendants their contractual and statutory right to foreclose. *See* Complaint ¶ 155.
5 Plaintiff is mistaken, however, and she is not entitled to assert the affirmative defense of unclean
6 hands in a separate action, brought by her, to stop a statutory non-judicial foreclosure of her
7 Property after her admitted default. *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 668 (9th Cir. Cal.
8 2012). Moreover, even if the unclean hands doctrine was available to Plaintiff here, she pleads that
9 she was in default of her loan payment obligations, thus she is not entitled to assert the affirmative
10 defense because she herself has unclean hands. *Id.* Plaintiff has failed to state a claim against these
11 Defendants for unclean hands and their motion to dismiss the claim should be granted.

12     **8.**     **There was no Violation of Bus. & Prof. § 17200.**

13 Plaintiff's fourteenth cause of action is for violation of Business and Professions § 17200
14 (the "UCL"). Plaintiff has incorporated all of the previous insufficient allegations in support of this
15 claim, thus it appears that the claim is derivative of all of the other claims alleged in the Complaint.
16 Complaint ¶¶ 156, 158, 159, 160. To the extent that the UCL claim is derivative, it fails for all of
17 the reasons given throughout this brief for why all of the previous claims must fail.

18 The remaining allegations of Plaintiff's claim under the UCL consist of conclusory
19 allegations concerning alleged routine practices that have been pled with no supporting facts at all.
20 Complaint ¶¶ 161, 163, 165-177. Plaintiff has failed to support her UCL claim with any facts
21 sufficient to state any cause of action against these Defendants. The Motion to Dismiss Plaintiff's
22 fourteenth cause of action pled under the UCL should be granted.

23     **9.**     **Plaintiff is not Entitled to Declaratory or Injunctive Relief.**

24 Plaintiff's fifteenth and sixteenth causes of action seek declaratory and injunctive relief.
25 Plaintiff's declaratory relief claim seeks a declaration that "Defendants have no legal or equitable
26 rights in the Note or Deed of Trust . . . as they have violated both Federal and California statutes."
27 Complaint ¶ 180. Plaintiff's judicial admission in the negligence claim that Wells *was* her creditor
28 dispenses with this claim for declaratory relief. Complaint ¶ 127



1    In addition, this claim seeks the same relief Plaintiff seeks elsewhere in the Complaint: for
2 Plaintiff to be judicially awarded a loan modification. Thus, Plaintiff's declaratory relief claim is
3 duplicative and fails for that reason, as well. *Id.* Defendants' Motion to Dismiss Plaintiff's
4 declaratory relief claim should be granted.

5    Likewise, Plaintiff's request for a temporary restraining order and preliminary injunction is
6 based upon all of the previously-pled and insufficient factual allegations. Moreover, Plaintiff has
7 supplied no evidence at all in support of her request for an injunction, save a lone declaration
8 wherein Plaintiff states her objectionable legal conclusions concerning the status of the legal title to
9 her Property, severance of the Note and Deed of Trust, and opinions about the substitution of
10 trustee, and factually unsupported opinions about violations of various laws.

11    To prevail on an application for a preliminary injunction, Plaintiff will have to "establish
12 four factors: (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable
13 harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4)
14 that an injunction is in the public interest." *McCloskey v. Land Home Fin. Servs.*, 2012 U.S. Dist.
15 LEXIS 117449, *3 (N.D. Cal. Aug. 20, 2012). Neither Plaintiff's application for a temporary
16 restraining order and order to show cause regarding a preliminary injunction, nor her separately-
17 pled cause of action for a preliminary injunction, sets forth any of the required factors which would
18 permit this Court to award Plaintiff with the extraordinary remedy of a preliminary injunction.
19 Therefore, Plaintiff's request for a preliminary injunction should be denied, and Defendants'
20 Motion to Dismiss it should be granted.

### III. CONCLUSION

22    For the foregoing reasons, Defendants respectfully request that their Motion to Dismiss
23 Plaintiff's complaint be granted and this case be dismissed with prejudice.

24 Dated: January 18, 2013

SMITH DOLLAR PC

/s/ Sherrill A. Oates

By_____
Sherrill A. Oates
Attorneys for Defendants

274650                                    - 12 -
**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; POINTS AND AUTHORITIES**
CASE NO.: 13-cv-00166-NJV

**PROOF OF SERVICE**

I am employed in the County of Sonoma, State of California. I am over the age of 18 years and not a party to the within action. My business address is 404 Mendocino Avenue, Second Floor, Santa Rosa, California 95401. On January 18, 2013, I served the attached **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the parties to this action by serving:

| | |
|---|---|
| Lisa A. Church | Pro Se |
| 230 Olson Road | Telephone:   707.223.8443 |
| Shelter Cove, CA  95589 | Facsimile: |
| | Email: |

/XX/ **BY U.S. MAIL:**  I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the practice of Smith Dollar PC for processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: January 18, 2013

*Debbie Smith* (signature)

_____
Debbie Smith

274650



- 1 -
PROOF OF SERVICE