IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LISA A. CHURCH,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

No. C-13-0166 MMC

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS; DISMISSING FEDERAL CLAIMS; REMANDING STATE LAW CLAIMS**

    Before the Court is defendants' Motion to Dismiss Complaint, filed January 18, 2013. Plaintiff Lisa A. Church has not filed opposition. Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for March 15, 2013, and rules as follows:

    1. To the extent the Third Cause of Action, titled "Failure of Good Faith and Fair Dealing, Unfair and Unacceptable Loan Servicing," includes a claim that defendants violated the federal Home Affordable Modification Program ("HAMP") (see Compl. ¶¶ 87, 89, 97), the Third Cause of Action is subject to dismissal for the reason that no private cause of action exists under HAMP. See Miller v. Chase Home Finance, LLC, 677 F.3d 1113, 1116 (11h Cir. 2012) (holding "it is clear no implied right of action exists" under HAMP); Marks v. Bank of America, N.A., 2010 WL 2572988, *6 (D. Ariz. 2010) (holding that because Congress, in enacting HAMP, delegated "compliance authority" to "one entity,

Freddie Mac, Congress intended that a private cause of action was not permitted").

2. The Sixth Cause of Action, titled "HUD Violations" and by which plaintiff alleges defendant Wells Fargo Bank, N.A. ("Wells Fargo") has violated the National Housing Act ("NHA"), is subject to dismissal for the reason that no private cause of action exists under the NHA. See Castrillo v. American Home Mortgage Servicing, Inc., 670 F. Supp. 2d 516, 526 (E.D. La. 2009) (holding Congress did not intend to create private cause of action under NHA; collecting cases so holding).

3. The Seventh Cause of Action, titled "Breach of Contract" and by which plaintiff alleges Wells Fargo has failed to comply with certain obligations owed to the United States under the "Servicer Participation Agreement" ("SPA"), is subject to dismissal for the reason that "individual borrowers do not have standing to sue under the SPA because they are not intended third party beneficiaries." See Lucia v. Wells Fargo Bank, N.A., 798 F. Supp. 2d 1059, 1070-71 (N.D. Cal. 2011) (collecting cases so holding).

4. The Tenth Cause of Action, titled "Failure to Condition Precedent" and by which plaintiff alleges Wells Fargo has failed to comply with federal regulations enacted pursuant to the NHA, is subject to dismissal. As stated above, no private cause exists under the NHA, and, as courts likewise have held, no private cause of action exists under the federal regulations enacted pursuant to the NHA. See Inman v. Suntrust Mortgage, Inc., 2010 WL 3516309 (E.D. Cal. 2010) (collecting cases so holding).

5. To the extent the Fifteenth Cause of Action, titled "Declaratory Relief," is based on a claim that plaintiff is entitled to relief under HAMP (see Compl. ¶ 185), the Fifteenth Cause of Action is subject to dismissal for the reason that, as stated above, no private cause of action exists under HAMP.

6. Plaintiff's remaining causes of action arise under state law, and, because defendants do not allege the parties are diverse in citizenship,[1] the Court's jurisdiction over the state law claims is supplemental in nature. See 28 U.S.C. § 1367(a). Where, as here,

---

[1] On January 11, 2013, defendants filed a Notice of Removal, asserting therein the district court has federal question jurisdiction over plaintiff's complaint.

a court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3). Here, given the early stage of the proceedings, the Court declines to exercise supplemental jurisdiction over the state law claims. Accordingly, the remaining claims will be remanded to state court.[2]

**CONCLUSION**

For the reasons stated above:

1. Defendants' motion to dismiss is hereby GRANTED in part, as follows:

    a. The Sixth, Seventh, and Tenth Causes of Action are hereby DISMISSED without leave to amend.

    b. To the extent the Third and Fifteenth Causes of Action include a claim pursuant to HAMP, the Third and Fifteenth Causes of Action are hereby DISMISSED without leave to amend.

2. Plaintiff's remaining claims are hereby REMANDED to the Superior Court of California, in and for the County of Humboldt.

**IT IS SO ORDERED.**

Dated: March 6, 2013
                                       /s/ Susan Illston for
                                       MAXINE M. CHESNEY
                                       United States District Judge

---

[2] On March 4, 2013, plaintiff filed a letter, in which she states a trustee's sale for the subject property has been scheduled for March 21, 2013. Plaintiff is advised that, in light of the remand of the remaining claims, she should seek any appropriate relief from the state court.

3